DECISION
The plaintiff has moved for a new trial in this matter contending that the jury's verdict was against the law and the weight of the evidence and/or inadequate. Mrs. Debra Seddon and her husband, Paul, commenced this lawsuit after a September 1996 motor vehicle accident which caused physical injury to Mrs. Seddon and loss of consortium to Mr. Seddon. The couples minor children, aged 17, 14 and 11 years also claimed loss of' their mother's consortium.
Mrs. Seddon, a very pleasant and intelligent woman, has attained a bachelor and master degrees in psychology and business, respectively, and is currently pursuing a master's degree in education.
On the day of the accident, Mrs. Seddon was driving to the elementary school where she taught sixth grade and became involved in an intersection accident. She was the first car stopped at a red light in the southbound lane of East Main Road. When the light turned green she proceeded cautiously through the intersection and she was struck by a speeding red car. The defense did not contest liability and presented no witnesses or evidence. The only genuine controversy between the parties was the amount of damages to be awarded. Mrs. Seddon experienced tremendous head pain immediately upon impact and testified that she became disoriented. As she waited for the rescue to arrive, she understandably felt fearful and anxious as four years previously she underwent brain surgery for removal of a tumor. (Thankfully, she appears to have had an excellent result from that procedure).
She was examined in the Newport Hospital emergency room, where she was joined by her husband, and remained there for approximately by two hours. She said that she had suffered a large bump on her head and was feeling nauseated. Two days later, feeling unimproved, Mrs. Seddon visited a private physician, Dr. Cummings. She complained of neck and back pain, lapse in memory, numbness in her feet and bruising. She returned to the doctor in another four days and he recommended physical therapy. For six weeks, Mrs. Seddon attended therapy sessions two to three times per week. She also performed her exercises at home. She testified that she was very sore for four days, extremely fatigued and bedridden with aching in her neck, back, and head. Her condition disabled her from teaching for four days and when she resumed on the fifth day, she spent a lot of time resting. During this time she was unable to carry out her household routine of cooking, cleaning, shopping, preparing her youngsters for school and carpooling for their activities and religious education. Mr. Seddon assumed these duties for four months. The only relief Mrs. Seddon can obtain is from chiropractic care. She testified that she is never without pain and that her neck was hurting the day of her testimony, July 26, 2000.
Mrs. Seddon's physical therapy program extended from September 24, 1996 to October 26, 1996 and included seven sessions. The therapist's entry for the final office visit states: "patient reports functioning at previous level." During the ensuing 14 months, Mrs. Seddon sought no type of medical or therapeutic treatment whatsoever. She did not consult her family doctor nor the specialist who performed her craniotomy, Dr. Mel Epstein. The next treatment administered to her occurred on January 6, 1998 at the chiropractic office of Dr. Ronald Marsh. Mr. Seddon treated with Dr. Marsh on 77 occasions right up until four days before the trial Dr. Marsh opined that the accident was a proximate cause of plaintiff's residual subluxation, a misalignment of her cervical vertebrae, which could never be completely corrected.
Paul Seddon, plaintiff's husband of 24 years explained to the jury the impact the family suffered during the accident. For 6 to 8 weeks he assumed all of his wife's household duties including transporting the three girls to their numerous activities and sporting events. He felt like he was "going in a thousand directions." His wife was totally fatigued and incapacitated from enjoying any intimacy with him. Mr. Seddon was forced to amend his work schedule at Providence Gas from 7 a.m. — 3:30 p.m., to 8:30 — 5:30 p.m. in order to get his daughters to school. He maintained that his wife's pain remained consistent throughout the 24 month hiatus when she sought no treatment at all.
The jury which considered this evidence awarded Mrs. Seddon $2400 for medical expenses $1600 for pain and suffering. The jury declined to award loss of consortium damages to any family member. The jury also declined to award damages to Mrs. Seddon for loss of enjoyment of life's activities, future pain and suffering and future medical expenses.
In ruling on a motion for a new trial the court is precluded from substituting judgment and opinion for that of the jury. Rater, the court must determine if reasonable minds could differ, and if so, the court must not disrupt the verdict.
The jury was instructed that the amount of damages to be awarded, if any, is exclusively within their province as long as it is based upon the evidence and the court's instructions. Here, the jury apparently did not accept the argument that the accident was the proximate cause of a permanent injury to Mrs. Seddon. The original therapist's note that she had resumed normal functioning by late October and the fact that she sought no treatment for fourteen months would certainly support such a conclusion. Furthermore, there is evidence that Mrs. Seddon's "first visits to Dr. Marsh was free because she had a gift certificate. Perhaps the jury thought that the gift was what prompted her and not the chronic pain. This would be consistent with the preceding conclusion. In any event it is clear that reasonable minds could differ as to what should be the appropriate outcome of this matter. That applies both to the interpretation of the evidence and the assessment of the credibility of the witnesses. This jury was most attentive and the court is confident that its members followed and applied the court's instructions. Because the standard required for overturning a jury verdict has not been met, the court denies plaintiff's motion for a new trial and/or additur.